## 64143. McLAIN v. HEARD.

DEEN, Presiding Judge.

Byron Heard gave appellant, McLain, a demand note in the amount of $5,288 at 0% interest on April 21, 1977. Heard died on September 11, 1978, without making any payments on the note. His widow, Rosalyn, was executrix of the estate and on November 14, 1978, wrote a letter to McLain informing him that she was not aware of her husband's indebtedness to McLain's insurance agency until she went through her husband's papers and discovered "... a letter he had written you expressing concern over the indebtedness to you and stating his intention of satisfying it, not just because of a business obligation but because of a moral obligation resulting from your relationship over these many years. I intend to do the same." She went on to say that she was getting the house ready to put on the market for sale, that there were two large business obligations to be settled after the house was sold and she did not know how much money would be left over. "However, I want you to know that your indebtedness WILL be paid but just WHEN it will be paid I cannot say at this time ... But it will be paid in full if it takes me the rest of my life to do so ... and want you to know you have no need for concern about this obligation."

On February 16, 1979, Mrs. Heard again wrote to McLain expressing bewilderment at receiving statements and notations from his office and stated that she would have no cash on hand until her home was sold. "No lawyer is handling payment of Byron's obligations. We informed you in our previous letter that it was our obligation and we accepted it ... It is not necessary for you to continue sending me a statement each month. I am well aware of this obligation ... Enclosed please find a check for $200.00. It is ALL I have at the present time and I mean ALL ... If you feel it is necessary, we will be happy to have an audience with you regarding this matter but I do not know of anything I could say to you I have not already said. You know you have a perfect right to start any proceeding you care to in an effort to collect this money. But, there is no way you can possibly get anything until the house and property is sold unless you are successful in garnishment proceedings on my salary, which I do not feel is possible in this situation. But, even if you were successful, everyone would then lose everything."

On September 4, 1981, McLain brought suit against Rosalyn Heard for breach of contract alleging that she had paid $200.00 pursuant to her contract to pay the balance of a promissory note. He attached as exhibits a copy of the first letter and the note. At trial the court granted Mrs. Heard's motion for a directed verdict finding that there was no oral contract between the defendant and McLain for her to pay her husband's note and that the letters introduced into evidence do not state consideration, amount of principal to be paid, date of payment or rate of interest to be paid and concluded that there was no contract by the defendant to pay the amount alleged to be due from her deceased husband and that the defendant is not indebted to the plaintiff in any amount. McLain appeals and we affirm.

Under Code § 20-401 a promise to answer for the debt of another must be in writing. Under Code §§ 20-107 and 20-301, consideration is essential to an enforceable contract. "Every executory contract in order to be enforceable must be supported by a valuable consideration, or, in the absence of a valuable consideration, by a good consideration founded either on love and affection toward one to whom a natural duty exists [cit.], or by a good consideration based on a strong moral obligation supported either by some antecedent legal obligation, though unenforceable at the time, or by some present equitable duty. [Cits.] Accordingly, mere sentiment, love and affection, or respect for the memory of a deceased husband, by his widow, will not support an executory promise on her part to assume the payment of an obligation due by his estate. [Cit.] ... A promise by a widow to assume the payment of a debt owing by the estate of her

deceased husband is supported by a valid consideration, if it was expressly or impliedly within the minds of the contracting parties that any benefit might thereby accrue to her as promisor, or any detriment might be suffered by him to whom the promise is made. [Cits.] Thus, if a widow gives her written obligation in payment or extinguishment of a debt owing by the estate of her deceased husband, the promise may be supported by a valuable consideration either by way of a detriment to be suffered by the creditor in the relinquishment of his original claim upon the assets of the estate, or by any benefit to the widow which may thus inure to her by reason of any increased interest in the estate." *McCowen v. McCord,* 49 Ga. App. 358 (2) (3) (175 SE 593) (1934). Here, there was no consideration. Mrs. Heard's letter does not ask the plaintiff to relinquish his right to bring an action against her husband's estate based upon her promise to pay her husband's debt. Instead, she recognized that he had such a right, but advised him that she considers a legal action against her to be useless.

As to appellant's argument that the payment of $200.00 indicated part performance of the contract, we agree with the trial court that there was no contract. Not only was there no consideration for a contract as stated above, the letters are silent as to identification of the indebtedness, the amount, the rate of interest to be paid and the time for repayment except for Mrs. Heard's vague assurances that she will pay the debt at some unspecified time in the future. The $200.00 constituted a mere voluntary payment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 28, 1982.

*Charles L. Jurjevich,* for appellant.
*John W. Greer III,* for appellee.